IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**D. WALLACE MITCHELL,**

**Petitioner,**

**v.**

**BRIAN A. BLEDSOE,**

**Respondent.**                                                        No. 06-624-DRH

**ORDER**

**HERNDON, Chief Judge:**

On August 14, 2006, Petitioner D. Wallace Mitchell filed a pro se petition for writ of habeas corpus pursuant to **28 U.S.C. § 2241** challenging the loss of good time credit due to the issuing of 14 disciplinary tickets (Doc. 1).

This matter is now before the Court on a Report and Recommendation ("Report") filed by Magistrate Judge Clifford J. Proud on August 26, 2009 pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)** (Doc. 57). Although the Report concerned the petition filed by Petitioner Mitchell, Judge Proud, as a preliminary matter took up the issue of jurisdiction and proper venue, finding that this Court does not have personal jurisdiction over Petitioner's immediate custodian, the Federal Correctional Institution in Talladega, Alabama (*Id.*). On September 9, 2009, Petitioner Mitchell filed objections to the Report. Having filed timely objections, the Court undertakes a de nevo review of the Report. **28 U.S.C. § 636 (b)(1)(B); Fed. R. Civ. P. 72(b);** ***Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." **Fed. R. Civ. P. 72(b);** ***Willis v.***

*Caterpiller Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**. In making the determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id*.

Here, Petitioner's objection solely relates to Judge Proud's recommendation to transfer the case to the U.S. District Court for the Northern District of Alabama. Petitioner argues that Judge Proud's decision is "wholly erroneous and contrary to the law", as well as a misinterpretation of the Supreme Court's decision in *Rumsfield v. Padilla*, **542 U.S. 426, 434-38 (2004)**. However, Petitioner has not shown how the decision is erroneous nor has he provided case law to support his proposition. Petitioner seems to merely be taking umbrage with Judge Proud's decision. Therefore, the Court finds that Petitioner has not made any specific objection to any part of Judge Proud's Report.

Further, the Court agrees that this Court lacks personal jurisdiction over Petitioner's "immediate custodian." As the Seventh Circuit has stated "when there is only one custody and one physical custodian, that person is the proper respondent, and the district in which the prison is located is the proper district, for proceedings under **§ 2241(a)**." *Al-Marri v. Rumsfield*, **360 F.3d 707, 712 (7th Cir. 2004)**. As Judge Proud points out, the Supreme Court has also stated that the immediate custody rule limits the available forum for proceedings under **§ 2241(a)** to the forum with the most immediate connection to the named custodian. *Rumsfield v. Padilla*, **542 U.S. 426, 452 (2004) (Kennedy, J., concurring)**.

"Only in an exceptional case may a court deviate from those basic rules to hear a habeas petition filed against some person other than the immediate custodian of the prisoner, or in some court other than the one in whose territory the custodian may be found." *Id.* **at 454.** Further, as noted in the Report, a district court can be divested of jurisdiction if a petitioner is transferred and the new custodian is found outside the district. ***Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998) ("It is true that, if a district court has proper jurisdiction when a habeas petition is filed, as is the case here, a subsequent transfer of the prisoner will not defeat habeas jurisdiction, but only 'so long as an appropriate respondent with custody remain[s]' in the district." (citations omitted))**.

Here, Petitioner has been transferred to the Federal Correctional Institution in Talladega, Alabama, outside this district. The Court also notes that as Petitioner has been transferred no appropriate respondent now remains in the district. Further, the Court agrees with Judge Proud that none of the extraordinary circumstances, as those descried in ***Rasul v. Bush*, 542 U.S. 466, 124 S.Ct. 2686 (2004)**, exist in this case. Therefore, the Court agrees that this Court lacks personal jurisdiction over Petitioner's immediate custodian and thus the action should be transferred. The Court does note that Petitioner has objected to the fact that Judge Proud did not hold an evidentiary hearing on the merits, but Judge Proud did not reach the merits of the case as he recommended that the case be transferred due to lack of personal jurisdiction. Thus, no hearing on the merits was warranted.

Accordingly, the Court **ADOPTS** Judge Proud's Report in its entirety and **TRANSFERS** this action to the United States District Court for the Northern District of Alabama which encompasses Talladega, Alabama, the location of Petitioner's immediate custodian.

**IT IS SO ORDERED.**

Signed this 28th day of September, 2009.

/s/     *DavidRHerndon*
**Chief Judge
United States District Court**